FARLEY, Judge,
with whom STEINBERG, Judge,
joins in substantial part, concurring.
Section 3.304(c) of title 38, Code of Federal Regulations provides:
The development of evidence in connection with claims for service connection will be accomplished when deemed necessary but it should not be undertaken when evidence present is sufficient for this determination.
*216 38 C.F.R. § 3.304(c). When the RO rendered its initial decision in this matter, it had before it (1) the statements of three private physicians who opined that if the veteran had suffered from viral pneumonia, it was possible that his heart condition was related to the pneumonia; and (2) two VA examination reports that also vaguely concluded that viral pneumonia, if that is what the veteran suffered from during service, could possibly have caused his heart condition. As § 3.304(c) limits claim development to situations where the evidence present is insufficient to determine service connection and because the RO stated that the evidence was merely “speculative,” the RO had the authority, and arguably the obligation (see 38 C.F.R. § 4.2), to further develop the evidence at that point. See also VA Pkocedure Adjudication MANUAL, M21-1, Pt. 6, ch. 2, para. 2.09. Instead, the RO denied service connection, finding the opinions of record to be “speculative at best.” R. at 418.
It was error for the RO to deny service connection on the record before it. The veteran understandably appealed the denial, submitting additional letters from one of his private physicians. Although these letters provided further support for the veteran’s contention that his service-connected pneumonia caused his heart condition, they too were far from conclusive. Finding the evidence insufficient to warrant a grant of service connection, the RO sought the opinion of a third VA doctor (Dr. Wu) as to the etiology of the appellant’s heart condition. Dr. Wu concluded that the veteran’s pneumonia was not the cause of his heart condition. On the basis of this evidence, the RO’s denial of service connection was continued. R. at 564-73.
The veteran continued to disagree with the RO’s decision, and the matter was sent to the Board. If the Board had denied the claim on the same record that was before the RO, the Court would have had to vacate the Board’s decision and remand the matter; the Board, however, did not repeat or continue the errors of the RO. In fact, and at the request and with the encouragement of the appellant, the Board attempted to resolve the incomplete and inconsistent medical opinions in the record by obtaining a complete, thorough, and well-reasoned IMO by Dr. Hendrix, which it was authorized to do pursuant to 38 U.S.C. § 7109. See also 38 C.F.R. § 20.901(d); 38 C.F.R. § 19.9(b) (2001) (Board may obtain IMOs without first remanding the matter to the agency of original jurisdiction). Dr. Hendrix opined that the veteran’s heart condition was not causally related to his service-connected pneumonia.
Even assuming that the RO erred in initially denying the claim without further development and in the way it developed evidence, neither the RO nor the Board exceeded its authority or responsibility in the development of evidence. Any errors committed by the RO in the underdevelopment of this case were cured by the IMO obtained by the Board and the RO’s decision was subsumed by the Board’s decision. 38 C.F.R. § 20.1104 (2001). This Court’s jurisdiction is limited to the review of Board decisions, and Dr. Hendrix’s opinion constitutes a plausible basis for the Board’s decision denying service connection. 38 U.S.C. § 7252(a). For these reasons, the decision of the Board must be affirmed and thus I concur.